IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEAN C. WHITE,<br><br>    Plaintiff,<br><br>v.<br><br>MICHAEL J. ASTRUE,<br><br>    Defendant._____/ | No. C 06-07374 CRB<br><br>**MEMORANDUM AND ORDER** |

    Three years ago, the Social Security Administration ("SSA") determined that Dean White ("Plaintiff") was entitled to disability benefits under federal law. In making this ruling, it found that Plaintiff had been disabled since October of 1997. Plaintiff then sought to obtain additional disability benefits by attempting revive an application he had filed back in 1990. The SSA, however, rebuffed Plaintiff's attempt to renew those earlier proceedings. Thwarted by the administrative process, Plaintiff filed this lawsuit.

    Now pending before the Court is the SSA's motion to dismiss. For the reasons set forth below, Defendant's motion is hereby GRANTED in part and DENIED in part. The case will be REMANDED for further proceedings.[1]

---

[1] When a motion to dismiss raises a challenge to the Court's jurisdiction, as the government's motion does here, the Court need not accept the facts as they are presented in the complaint. Instead, a district court "may consider the evidence presented with respect to the jurisdictional issue and rule on that issue, resolving factual disputes if necessary." Thornhill Pub. Co., Inc. v. Gen. Tel. & Elec. Corp., 594 F.2d 730, 733 (9th Cir. 1979). Here, however, the evidence submitted by the parties is not only necessary to resolve the jurisdictional questions raised by the government, but it is also dispositive of Plaintiff's claims on their merits. Further,

## BACKGROUND

In June of 1990, Plaintiff filed an application for supplemental security income. Am. Compl., Ex. L. He claimed that he was entitled to disability benefits because he suffered from "neck and back problems." Id. at 1. The SSA denied his application for benefits and rejected his request for reconsideration. See Am. Compl., Ex. C; see also Ray Decl., Ex. 5, at 3. Plaintiff did not pursue that application for benefits in further proceedings.

Plaintiff applied for benefits again in May of 1999, and once more in July of 2002. After a complicated series of denials, administrative appeals, and remands, these two applications were consolidated for review before an administrative law judge ("ALJ"). Following an evidentiary hearing, the ALJ ruled in August of 2004 that Plaintiff was disabled and therefore entitled to benefits. The ALJ held that Plaintiff had been disabled since October of 1997, due to a variety of severe physical and psychological impairments. See generally Ray Decl., Ex. 1.

Thereafter, Plaintiff sought to renew the earlier application he had filed back in 1990. He claimed that he failed to appeal the SSA's unfavorable ruling on that application because he suffered from "a mental impairment so severe that he was incapable of appealing his prior denials of benefits." See Am. Compl., Ex. A; see also Am. Compl. ¶ 3. An ALJ rejected his request to reopen this earlier application, for reasons that will be discussed below. See Ray Decl., Ex. 2, at 3-5. The Appeals Council affirmed the ALJ's ruling, though for different reasons. Ray Decl., Exs. 3 & 4. This lawsuit followed.

## JURISDICTION

In the context of social security benefits, Congress has conferred jurisdiction on federal district courts to review "any final decision of the Commissioner of Social Security."

---

such evidence is susceptible to judicial notice in evaluating the claims presented in the complaint, as the SSA itself acknowledges. See First Motion to Dismiss at 6 & n.5 (citing Spreewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001), and Fields v. Legacy Health System, 413 F.3d 943, 958 n.13 (9th Cir. 2005)). For these reasons, and also because the Local Rules require the parties to submit this action for review on the "administrative record," to the extent that one exists in this case, see N.D. Cal. Civ. L. R. 16-5, the Court proceeds to resolve the merits of Plaintiff's claims, even though they are ostensibly presented in the context of the government's motion to dismiss.

2

42 U.S.C. § 405(g). An aggrieved party must seek judicial review "within sixty days" of receiving notice of an unfavorable decision. Id.

The Supreme Court has held, however, that this statute "cannot be read to authorize judicial review of alleged abuses of agency discretion in refusing to reopen claims for social security benefits." Califano v. Sanders, 430 U.S. 99, 107-08 (1977). See also 20 C.F.R. § 416.1403(a)(5) (stating that the "[d]enial of a request to reopen a determination or a decision" is "not subject to judicial review"). The Califano court reasoned that such a construction of the law "would frustrate the congressional purpose, plainly evidenced in [the Social Security Act], to impose a 60-day limitation upon judicial review of the Secretary's final decision on [an] initial claim for benefits." Id. at 108.

Califano is fatal to much of Plaintiff's complaint. To the extent that his lawsuit purports to assert claims under the auspices of the Social Security Act, 42 U.S.C. § 405(g), the Administrative Procedures Act, 5 U.S.C. § 704, or the federal statute authorizing district courts to issue a writ of mandamus, 28 U.S.C. § 1361, Plaintiff's claims must be, and hereby are, dismissed for lack of subject matter jurisdiction. Plaintiff also mistakenly argues that jurisdiction lies under the Declaratory Judgment Act, 28 U.S.C. § 2201, which confers on district courts the power to adjudicate claims that might otherwise be considered unripe. By invoking this statute, Plaintiff confuses rights with remedies. The Declaratory Judgment Act exists only to provide an additional tools for the protection of rights; it does not create a basis for the Court to adjudicate a claim that could not otherwise have been presented. In short, the Court lacks jurisdiction to review most of Plaintiff's allegations and claims for relief against the SSA because he purports to challenge an unreviewable agency decision.

Only one exception exists to this bar on judicial review, and it is for claims that rest on constitutional grounds. "Constitutional questions obviously are unsuited to resolution in administrative hearing procedures and, therefore, access to the courts is essential to the decision of such questions." Califano, 430 U.S. at 109. The Supreme Court emphasized in Califano that it was not facing "one of those rare instances where the Secretary's denial of a petition to reopen is challenged on constitutional grounds." 430 U.S. at 109 (citing

3

Weinberger v. Salfi, 422 U.S. 749, 761-62 (1975)).  In cases decided after Califano, the Ninth Circuit has held that jurisdiction *does* exist for federal courts to review "any colorable constitutional claim of due process violation that implicates a due process right either to a meaningful opportunity to be heard or to seek reconsideration of an adverse benefits determination."  Evans v. Chater, 110 F.3d 1480, 1483 (9th Cir. 1997).  For instance, the Ninth Circuit has held that a colorable constitutional claim exists where "a claimant alleges that a prior determination should be reopened because he suffered from a mental impairment and was not represented by counsel at the time of the denial of benefits."  Udd v. Massanari, 245 F.3d 1096, 1099 (9th Cir. 2001).

Fortunately for Plaintiff, his complaint also presents claims of the constitutional variety.  First, he asserts that he has been denied his right to be heard.  See Am. Compl. ¶ 4 ("Defendant failed to hold a 91-5p hearing as required by her own rule . . . .").  Second, he asserts that the SSA's decision not to reopen his claim violates his constitutional right to due process of law.  See id. ¶ 3 ("White alleges that he was under a mental impairment [when he] . . . allegedly received a denial of his request for reconsideration of his initial claim denial.").  Third, he alleges that he never received notice that his request for reconsideration had been denied.  See id. ¶ 4.  Construed in the light most favorable to Plaintiff, the amended complaint adequately articulates a basis for relief under the Due Process Clause.  Accordingly, the Court finds that it has jurisdiction to entertain Plaintiff's lawsuit insofar as it asserts a denial of his right to due process.  Udd, 245 F.3d at 1099; Evans, 10 F.3d at 1483.

In sum, Defendant's motion is GRANTED insofar as Plaintiff's complaint seeks judicial relief based on non-constitutional claims, and DENIED insofar as Plaintiff's complaint sets forth a claim that the SSA's refusal to reopen his application for benefits was a violation of the Due Process Clause.

## DISCUSSION

To understand Plaintiff's constitutional claim, and the reason why the case must be remanded for further consideration, a full explanation of the challenged decision is required.

//

On March 6, 2006, Plaintiff submitted a "request for a hearing by [an] administrative law judge" in order to renew a challenge to "prior denials of benefits." Am. Compl., Ex. A, at 1. The request itself did not indicate precisely which denials of benefits it wished to revisit. Id. It is now clear, however, that Plaintiff's reference to a "prior denial of benefits" pertains to a specific application for disability benefits he had submitted more than 15 years earlier in June of 1990, which was apparently denied upon reconsideration in October of 1991. See Am. Compl., Ex. C, at 1. As the SSA itself concedes, this is the only previous application of benefits that Plaintiff had submitted. See Ray Decl., Exs. 4 & 5.

Significantly, in this same request to reopen, Plaintiff cited an unpublished district court decision, Tavertini v. Barnhardt, No. C-03-4126-SBA (N.D. Cal. Aug. 25, 2004), for the proposition that he was entitled to a hearing on his request. In the Tavertini case, a former SSI applicant had filed a lawsuit in federal district court in an attempt to obtain an administrative record regarding her previously denied applications for benefits. Apparently, the plaintiff hoped to use that administrative to support what would have been an administrative request to reopen her prior applications. Judge Armstrong dismissed that lawsuit, properly concluding that the plaintiff in Tavertini had put the cart before the horse. Judge Armstrong held that the plaintiff was required to present her request to reopen to the SSA first, she could seek relief in federal court only after exhausting these administrative procedures--not the other way around. In short, because the plaintiff had failed to exhaust administrative remedies available to her, Judge Armstrong dismissed the case for want of jurisdiction.

All of this is merely by way of explaining a citation that appeared in Plaintiff's request to reopen. Of course, the Tavertini case does not actually support the proposition for which Plaintiff cited it. (That is to say, Judge Armstrong does not say anywhere in her unpublished opinion that the SSA must hold a formal hearing on a request to reopen, whether pursuant to the SSA's own rulings or otherwise.) But setting aside its irrelevance, Plaintiff's citation to the Tavertini case was even more unfortunate because it utterly confused the ALJ. It is evident from the ALJ's written decision that *he believed Plaintiff's case and the Tavertini*

5

*case were one and the same.* In other words, when he received Plaintiff's request to reopen and saw the citation to the Tavertini case, the ALJ mistakenly believed that Plaintiff was presenting the very same claims that Judge Armstrong had discussed.

For instance, in considering Plaintiff's request to reopen his prior application, the ALJ referred directly to Judge Armstrong's opinion. He stated:

> I am concerned, however, that this issue has already been dismissed in the District Court for lack of jurisdiction and will be further delayed if I do the same. I have the authority to elevate the claimant's request to reopen to this level for immediate decision, and I do so.

Ray Decl., Ex. 2, at 1. Similarly, when the ALJ indicated that he was uncertain about which prior applications Plaintiff wished to revisit, he confused the facts of this case with those of Tavertini. The ALJ stated:

> As best the District Court or I have been able to ascertain, [Plaintiff wishes to pursue] claims that were addressed between 9 and 24 years ago: (1) an alleged denial of back-payments from April 1, 1982 to March 14, 1985; (2) an unspecified application between 1985 and 1988; (3) a determination on October 16, 1988, that the claimant was entitled to a trial work period of which six months had run; (4) a determination of January 30, 1990, that the claimant's trial work period had ended in October 1988, but that he remained entitled to certain additional payments during an extended period of eligibility; (5) a denial on August 17, 1997, or relief from the Social Security Administration's demand for his return of overpayments in the amount of $3,016.40; and (6) an unspecified incident in 1997 that was similar to the one in 1991.

Ray Decl., Ex. 2, at 2. In fact, none of these matters had anything to do with Plaintiff. What the ALJ did, mistakenly, was to deny Plaintiff the right to reopen the prior applications of the unrelated plaintiff in the Tavertini case. What is worse, the ALJ justified his decision to reject Plaintiff's request by pointing to the burden of reopening that other persons' prior numerous and "ancient" applications. Id. ("The passage of this much time makes the development of a proper record on these ancient cases essentially impossible").

Given the utter confusion evident in the ALJ's opinion, this Court has little trouble concluding that a violation of due process has occurred. In truth, the ALJ adjudicated Tavertini's claims, not Plaintiff's. To begin, the ALJ decided to proceed with the case for "immediate consideration" because he mistakenly believed that Plaintiff had previously presented his request to a federal district court. Next, the ALJ erroneously believed that

6

1 Plaintiff was attempting to revisit no fewer than six prior applications for benefits, dating as 2 far back as 1982, when in fact Plaintiff sought to reopen only one prior application filed in 3 1990.  Further, the ALJ relied on the age and number of Tavertini's previous applications as 4 a reason for denying Plaintiff's request to reopen a single, more recent application.  In sum, 5 the ALJ ruled on claims that had not been presented, based on facts that pertained to a 6 plaintiff in an unrelated case.  The Due Process Clause demands better.

7 It is true, as the government points out, that some of the reasons cited by the ALJ for 8 denying Plaintiff's request were based on a *correct* view of the facts.  First, the ALJ noted 9 that Plaintiff had retained an attorney in connection with other claims for benefits, and yet he 10 had failed to pursue his request to reopen the 1990 application in a timely fashion.  See Ray 11 Decl., Ex. 2, at 2 ("Even were the claimant able to show that he lacked the mental capacity to 12 understand how to request review, any tolling would have ended when Mr. Sammis began 13 his representation over two years ago.").  Second, the ALJ noted that Plaintiff failed to raise 14 the issue of his 1990 application when he had applied again for benefits years later, thus 15 suggesting that Plaintiff "could and should have" sought to reopen his 1990 application in 16 other proceedings.  Id. at 2-3.  Third, the ALJ noted that, even after Plaintiff had submitted 17 his request to reopen the 1990 application, he had failed to submit supporting materials in a 18 timely manner.  Id. at 3.

19 The Court expresses no opinion here about whether such considerations might support 20 a similar ruling by the ALJ on remand.  Regardless, given that the ALJ articulated these 21 various rationales based on an entirely incorrect understanding of the case in front of him, 22 this Court cannot conclude that the ALJ would have made the same decision with respect to 23 the claims that were actually presented by Plaintiff in the case.  For this reason, the Court 24 concludes that remand is required for the ALJ to consider the request that was actually 25 presented by Plaintiff, not the ones that might have been presented by an unrelated party.[2]

26

27 [2] The Appeals Council affirmed the ALJ's decision on an entirely different rationale: that Plaintiff's 1990 application for benefits could not be reopened under the SSA's interpretation 28 of the relevant regulations because it had already been the subject of a request for reconsideration.  See Ray Decl., Ex. 4, at 1 (citing an SSA ruling known as "SSR 91-5p").  Yet

7

**CONCLUSION**

At a minimum, the Due Process Clause entitles an applicant to have his own claims adjudicated, and not the claims of someone else adjudicated instead. For this reason, Plaintiff's request to reopen his 1990 application for benefits is hereby REMANDED for the ALJ to determine whether Plaintiff (and not the plaintiff in Tavertini) can demonstrate good cause for failing to appeal his prior application for benefits. 20 C.F.R. § 416.1409(a). The Court expresses no view on the procedures that the ALJ must employ on remand, nor the evidence he must consider, nor whether Plaintiff must be given an opportunity to submit evidence in support of his request or to review pertinent SSA files, if such files exist. The Court merely notes the Ninth Circuit's constitutional holding that Plaintiff must be given "a meaningful opportunity to be heard." Evans, 110 F.3d at 1483.

**IT IS SO ORDERED.**

Dated: July 27, 2007

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE

---

this view of SSR 91-5p is plainly contradicted by the text of the ruling itself, which states that it applies to all situations where an applicant "miss[es] the deadline" for "filing a request for review," whether it be "a request for reconsideration, hearing before an administrative law judge (ALJ), review by the Appeals Council, or review by a Federal district court." Thus, the decision of the Appeals Council, which was also based on that appellate tribunal's putative lack of jurisdiction, cannot remedy the constitutional flaws in the ALJ's original decision. The government suggests that Plaintiff's decision to seek reconsideration is evidence that he was capable of seeking further review, but as Plaintiff notes, the fact that he pursued one form of review and not the other is equally attributable to the fact that he lost his attorney during this time. See Am. Compl., Ex. F. Because Plaintiff has never been given an opportunity to make a full record regarding the circumstances of his 1990 application, and because this Court is not the proper venue for him to make it, the Court concludes that remand is necessary.